382 So.2d 796 (1980)
Dee Willis CAWTHON, Appellant,
v.
STATE of Florida, Appellee.
No. OO-423.
District Court of Appeal of Florida, First District.
April 10, 1980.
Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
This appeal is from appellant's conviction and sentence of attempting to effect the death of one George Neville by the use of a firearm. We affirm.
Appellant admitted that he committed the offense in both a pretrial taped confession *797 and during his testimony at trial. Under both versions of appellant's story, a J.C. Cotton solicited appellant to kill Mr. Neville and gave him a firearm. In the taped confession, which was admitted into evidence, appellant stated he agreed to kill Mr. Neville for the sum of $100.00. At trial, appellant testified that he agreed to kill Mr. Neville only because J.C. Cotton had threatened to harm members of appellant's immediate family if appellant did not kill Mr. Neville.[1]
Appellant urges that the trial court erred in refusing to give the following jury instruction:
If you, the jury, believe from the evidence that members of the defendant's immediate family were subject to a real, imminent, and impending danger, or that under all the circumstances shown in evidence that the defendant had reasonable grounds to believe that such danger to members of the defendant's immediate family was real, imminent, and impending, and did so believe at the time the defendant shot the victim, and that the defendant shot the victim because of such belief, then you must find the defendant not guilty.
The trial court denied the coercion instruction on two grounds. First, the evidence did not show that the danger was imminent or impending within the meaning of the case law. Second, the availability of the defense should not be extended to the commission of, or the attempted commission of, homicide. The trial court properly denied the requested instruction for these two reasons.
The evidence does not show a threat of imminent or impending harm to appellant or to a member of his family. Even if the statements of J.C. Cotton had been construed by the jury as a threat, this threat was of some possible future harm. Appellant had adequate time to warn his relatives of the threat and to contact the appropriate authorities. Under these facts, appellant was not entitled to the coercion instruction.
The coercion defense is not available in a case of homicide or attempted homicide. The coercion defense has received recognition in two Florida cases.[2]Hall involved the use of the defense in a perjury trial. Koontz involved an attempted robbery. The defense has never been recognized in a Florida case involving homicide or attempted homicide. The general authority is that coercion does not excuse or justify the murder or attempted murder of an innocent third party.[3] We align ourselves with that general authority.
AFFIRMED.
MILLS, C.J., and ERVIN, J., concur.
NOTES
[1] What did you tell Mr. Cotton when he asked you if you would do this? [kill Mr. Neville]
A. I said, "No." But, he had made a threat that I had no choice. He didn't make the threat upon me, but he made the threat upon my immediate family. And, he told me if I didn't take that direction that he wanted me to do, he said that he was going to do something to someone in my family. So, I took him at his word.
.....
Q. Did he mention any of your family members by name?
A. No, he didn't call no specific person. He just said, "Someone in your family."
Q. What did he say he would do to them?
A. He said it was easy to pick one of them up, you know, and do whatever he wanted to do. He didn't say exactly what he would do.
Q. What did you understand, from what Mr. Cotton told you, that he meant?
A. I took it as though he was threatening by assassinating one of them, you know.
.....
[2] Hall v. State, 136 Fla. 644, 187 So. 392 (1939) and Koontz v. State, 204 So.2d 224 (Fla. 2d DCA 1967).
[3] See, e.g., 22 C.J.S. Criminal Law § 44 and Perkins, Criminal Law, Compulsion, at 951.