397 So.2d 324 (1981)
Joseph Alison STEVENS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-101, 80-117.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
Rehearing Denied April 27, 1981.
James K. Freeland, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was convicted of the crime of extortion[1] and has preserved for appeal his contention that the trial court erred in refusing to give a jury instruction on the *325 defense of duress or coercion. Appellant also appeals a judgment of the trial court finding a violation of an earlier probation order which by stipulation was considered on the same evidence as submitted on the extortion charge. Appellant concedes that the appeal of the probation violation order is moot. We affirm.
To entitle a defendant to an instruction on duress or coercion, there must be evidence presented tending to show that the defendant committed the crime against his will because of circumstances which either constituted a real, imminent and impending danger to himself or to some loved one, or from which circumstances shown in evidence the defendant had reasonable grounds to believe that such danger was real, imminent and impending, and did so believe at the time the crime was committed, and therefore committed the crime because of such belief. Hall v. State, 136 Fla. 644, 187 So. 392 (1939).
In Koontz v. State, 204 So.2d 224 (Fla. 2d DCA 1967), the court quoted from 22 C.J.S. Criminal Law, § 44, p. 135, in part as follows:
The compulsion or coercion which will excuse the commission of a criminal act must be present, imminent, and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done; it must be continuous, and there must be no reasonable opportunity to escape the compulsion without committing the crime. A threat of future injury is not enough, particularly after danger from the threat has passed ...
The only other Florida case of which we are aware which discusses this defense is Cawthon v. State, 382 So.2d 796 (Fla. 1st DCA 1980), where the court approved the rejection of a coercion or duress instruction saying:
The evidence does not show a threat of imminent or impending harm to appellant or to a member of his family. Even if the statements of J.C. Cotton had been construed by the jury as a threat, this threat was of some possible future harm. Appellant had adequate time to warn his relatives of the threat and to contact the appropriate authorities. Under these facts, appellant was not entitled to the coercion instruction.
Appellant asserts that a defendant is entitled to an instruction on his theory of the defense if there is any evidence to support it, no matter how disdainfully the trial judge may feel about the merits of the defense from a factual standpoint, because if there is such evidence, it is up to the jury to pass upon it. Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976); cert. denied, 339 So.2d 1172 (1976). Koontz, supra. We will review the evidence to determine if any evidence was submitted that in any way meets the legal test of duress and coercion.
With respect to the crime for which he was charged, appellant admitted making anonymous telephone calls to the victim during which he threatened to kill members of the victim's family unless appellant was paid $500,000. After several such calls, the victim agreed to give appellant the money and arrangements were made for delivery. Appellant was arrested on April 6, 1979, shortly after picking up the briefcase left by the victim at the drop spot. Other evidence tended to prove that it was the appellant who made the threatening calls.
Appellant testified that he committed the crime under coercion or duress. He stated that on about February 23, 1979, he was abducted and beaten by some people to whom he owed $20,000 for a supply of marijuana and that after escaping and returning home, he received numerous calls from them about the money and inquiries about his health. During the last week in March, by telephone, his abductors suggested the extortion scheme as a means of clearing his debt and making some money for himself, and threatened to torture and kill his mother and girlfriend if he didn't go through with the scheme. On the following day, he found a severed cat's head in his car. He stated that he felt threatened and obligated to go through with the plan, but he did not report the threats or the demands to the authorities. It was a week later, on April 2, 1979, that he made the *326 first phone call to the victim and four days after that, on April 6, 1979, he was arrested after picking up what he thought was the extortion payment.
It is clear from the brief summary of the testimony that the evidence did not show either real or apparent imminent or impending harm to appellant or any of his loved ones. Appellant had not been in personal contact with his abductors since the time in February when he escaped from their custody. The telephone threats about which he testified all related to future harm, and, as noted in Cawthon, appellant had ample time to warn his loved ones of the threat and to contact the authorities.[2] The fact or the apprehension of immediate and impending harm was not shown.
Appellant having failed to demonstrate error, the judgment of conviction is
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 836.05, Fla. Stat. (1979).
[2] Federal courts have also held that to support the defense of coercion, there must be evidence of real or apparent imminent and immediate harm, not future harm. See, e.g., United States v. Gordon, 526 F.2d 406 (9th Cir.1975) and Shannon v. United States, 76 F.2d 490 (10th Cir.1935), where both courts held that where the threats were of future harm so that the defendants could have avoided the act, they were not entitled to an instruction on coercion.