424 So.2d 43 (1982)
Augustin CORUJO, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2579.
District Court of Appeal of Florida, Second District.
December 3, 1982.
Rehearing Denied January 10, 1983.
Carl L. Masztal, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was arrested on board a boat in the Gulf of Mexico just off the coast of Florida. A large quantity of marijuana was seized from the boat at the time of the arrest. Appellant was convicted of trafficking in cannabis in excess of ten thousand *44 pounds. On appeal, he argues that the court erred in refusing to give his requested instruction on the defense of coercion.
There was evidence that the appellant was in charge of the boat though not necessarily its owner. Isabele Peleze, a woman with whom appellant lived, testified that a man gave the boat to appellant in order for him to repair it. She said he also gave appellant $10,000 with which to make the repairs. She testified that one day late in 1979 or early in 1980 appellant came home in a nervous state. When she asked why he was so upset, he told her that the man who had given him the boat to repair was making him go on a "marijuana trip." She said that appellant had to go because this was the only way that he could repay the $10,000.
Felix Corujo, appellant's father, testified that ten days prior to appellant's arrest he saw his son crying. In response to his father's inquiry, appellant told him that despite his own wishes he had to go on a marijuana trip. Appellant said he was going because he feared for his life and the lives of Ms. Peleze and their child.
Coercion is a recognized defense to a criminal charge except where an innocent life is taken. 21 Am.Jur.2d Criminal Law § 148 (1981). In Hall v. State, 136 Fla. 644, 187 So. 392 (1939), our supreme court held that one may be excused from the commission of a crime if his acts were done under the compulsion or coercion of a real, imminent and impending danger or of what he had reasonable grounds to believe was a real, imminent and impending danger. If there is evidence to support a theory of coercion, the jury must be properly instructed on the defense. Koontz v. State, 204 So.2d 224 (Fla. 2d DCA 1967).
The testimony of Ms. Peleze was clearly insufficient to call for a charge on coercion because economic coercion has never been considered a defense. See Annot., 40 A.L.R.2d 908 (1955). The testimony of Felix Corujo comes somewhat closer. However, we conclude that here too the evidence fell short of presenting a coercion defense.
One of the requirements of the defense is that the coercion must be continuous and that the defendant must have no reasonable opportunity to escape the compulsion without committing the crime. Koontz v. State. The threat of future harm does not suffice. Cawthon v. State, 382 So.2d 796 (Fla. 1st DCA 1980). In Stephens v. State, 397 So.2d 324 (Fla. 5th DCA 1981), the defendant, who was convicted of extortion, testified that he was abducted and beaten by some people to whom he owed $20,000 for a supply of marijuana. After escaping, he received telephone calls threatening his mother and girlfriend with torture and death if he did not proceed with an extortion scheme which would provide him with the funds to repay the debt. In rejecting the contention that the coercion instruction should have been given, our sister court said:
It is clear from the brief summary of the testimony that the evidence did not show either real or apparent imminent or impending harm to appellant or any of his loved ones. Appellant had not been in personal contact with his abductors since the time in February when he escaped from their custody. The telephone threats about which he testified all related to future harm, and, as noted in Cawthon, appellant had ample time to warn his loved ones of the threat and to contact the authorities. The fact or the apprehension of immediate and impending harm was not shown.
397 So.2d at 326 (footnote omitted).
In the final analysis, Felix Corujo's testimony amounted to little more than a statement that appellant felt that he had to make a marijuana trip at an unspecified time in the future because of unspecified fears for the safety of himself and his family at the hands of unspecified persons. Appellant, himself, did not testify that he was coerced to go on the trip in question. There is no suggestion that he sought to contact the police. When appellant was apprehended, he admitted that he had been on the boat for two days. In short, there was *45 no evidence whatsoever that at the time of his arrest a real, imminent and impending danger compelled him to smuggle marijuana into the State of Florida.
The court correctly refused the requested instruction on coercion. The rest of appellant's points on appeal are without merit.
AFFIRMED.
RYDER and DANAHY, JJ., concur.