# STATE OF FLORIDA v. ROBINSON
## Case No. 83-12707 CF
Seventeenth Judicial Circuit, Broward County
May 9, 1984

## APPEARANCES OF COUNSEL

**James DeHart,** Office of State Attorney, for plaintiff.
**Susan Porter,** Office of the Public Defender, for defendant.

## OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

DEFENDANT, Betty Ann Robinson, has been charged by the State of Florida with two counts of welfare fraud. Specifically, the State charged in Count I that the Defendant, between May 1, 1982, and August 31, 1983, received financial assistance to which she was not entitled because a household member, the Defendant's daughter, was gainfully employed but such employment was not made known to the financial assistance officials, thereby causing said officials to deliver to the Defendant sums of money to which she would not have otherwise been entitled.

Count II of the Information alleges that Defendant received excessive sums of money because she failed to report to the financial assistance authorities that the same member of her household, her daughter, was no longer residing therein, a fact that would have resulted in a reduction of benefits had it been properly disclosed.

Upon the conclusion of the State's case in chief, the Court granted a directed judgment of acquittal as to Count I. Thereafter, the Defendant presented her case as summarized below.

Defendant does not deny the receipt of excess funds from the State of Florida as charged in Count II of the Information. Rather the thrust of the Defendant's defense is that she was compelled to refrain from making a truthful disclosure to the proper authorities by the fear of force and violence being inflicted upon her by her then boyfriend, Richard Roberts. Mrs. Robinson testified that he had beaten her on more than one occasion, that he had a key to her house, that he came and went from the premises whenever he chose to do so and that he compelled her to keep him informed as to the dates of recertification. Mrs. Robinson further testified that, on at least one occasion, Richard Roberts accompanied her to the food stamp office and waited while she completed the recertification procedure. According to Mrs. Robinson, Mr. Roberts would take a significant portion of the food stamps and leave her with insufficient sums to provide the minimum quantities of food needed by Mrs. Robinson's family to survive.

The net effect of Mrs. Robinson's testimony, supported to some extent by the testimony of her daughter, Vevelen Jean Robinson, was to create a reasonable doubt in the mind of the Court as to whether Mrs. Robinson was acting freely and voluntarily when she failed to make accurate representations to the State of Florida concerning her entitlement to financial assistance, or whether her actions were as a result of duress imposed upon her by Richard Roberts. It is well settled that, except for premeditated homicide, duress can, in law, obviate the specific intent required for the commission of a given crime. *Hall v. State,* 187 So. 392 (Fla. 1939); *Koontz v. State,* 204 So.2d 224 (Fla. 2 DCA, 1967); *Wright v. State,* 402 So.2d 493 (Fla. 3rd DCA, 1981).

Where the evidence reflects (as the Court does believe it so reflects in the instant case) that the defendant acted against her will because of circumstances which either constituted a real, imminent and impending danger to herself or to a loved one, or from circumstances showing that the accused had a reasonable belief of such consequences, and did so believe at the time of the commission of the complained of act, then the act of the accused is deemed to have been done under duress and

**78**

without the requisite criminal intent. *Stevens v. State,* 397 So.2d 324 (Fla.App. 5, 1981). In the case at bar, the testimony of Mrs. Robinson that Mr. Roberts told her that he would beat her if she didn't lie about her family makeup in order to obtain the extra financial assistance, and that he would beat her if she didn't surrender the stamps to him, meets the criteria of *Stevens v. State,* supra.

The Court cannot say with certainty that Richard Roberts does not exist, nor can the Court say with certainty that Mrs. Robinson would have misrepresented her need for financial assistance even if Mr. Roberts were not involved as she claims him to be. It is reasonable, in the opinion of the Court, to conclude that, if the testimony of Mrs. Robinson is true, then she acted under duress and without the requisite criminal intent. However liable Mrs. Robinson may be in the event that the State of Florida wishes to impose noncriminal sanctions against her, the fact remains that the Court must resolve the instant matter upon the bedrock of criminal law concepts.

For the reasons set out herein, the Court herewith finds the evidence submitted in support of the charges against Betty Ann Robinson is insufficient to convince the Court beyond a reasonable doubt that she is guilty of the charges set forth in Count II of the Information and, accordingly, it is

ORDERED and ADJUDGED that Betty Ann Robinson is hereby found NOT GUILTY and she shall go hence without day.