KLEIN, Judge.
Appellant was convicted of being an accessory after the fact to armed robbery. We reverse and remand for a new trial because the court erred in refusing to instruct the jury on duress.
Shortly after a robbery, appellant and his three passengers were stopped by the police, and the robbery victim, who was brought to the scene, identified the passengers as having committed the robbery. Appellant, who was at the wheel, was not identified as having participated in the robbery, and told one of the police officers at the scene that he had not been aware that a robbery had taken place.
Appellant’s testimony at trial, which conflicted with that of the state’s witnesses, was that appellant was giving one of his employees and two of his employee’s friends a ride, when they asked appellant to stop so that they could go into a store. According to appellant, when his employee and the two others returned to the car, they ordered him at gunpoint to drive away in a hurry. The jury acquitted him of robbery, but found him guilty of being an accessory after the fact.
Defendant requested the following jury instruction regarding his defense which was denied:
If you, the jury, find or have reasonable doubt, that under all of the circumstances shown in the evidence presented by both the Defendant and the State that the Defendant had reasonable grounds to believe that there was real, imminent, and impending danger to him of death or serious bodily harm if he did not leave the place from which he was located and that he left because of such danger, rather than with the intent to commit a crime, you should find him not guilty of the crime of armed robbery or accessory after the fact.
In Corujo v. State, 424 So.2d 43, 44 (Fla. 2d DCA 1982), rev. denied, 434 So.2d 886 (Fla.1983), the court explained when this type of defense is applicable:
Coercion is a recognized defense to a criminal charge except where an innocent life is taken. 21 Am. Jur.2d Criminal Law § 148 (1981). In Hall v. State, 136 Fla. 644, 187 So. 392 (1939), our supreme court held that one may be excused from the commission of a crime if his acts were done under the compulsion or coercion of a real, imminent and impending danger or of what he had reasonable grounds to believe was a real, imminent and impending danger. If there is evidence to support a theory of coercion, the jury must be properly instructed on the defense. Koontz v. State, 204 So.2d 224 (Fla. 2d DCA 1967).
[[Image here]]
One of the requirements of the defense is that the coercion must be continuous and that the defendant must have no reasonable opportunity to escape the compulsion without committing the crime. Koontz v. State. The threat of future harm does not suffice. Cawthon v. State, 382 So.2d 796 (Fla. 1st DCA 1980).
The state argues that the jury instruction submitted by appellant was incorrect because it did not contain the above quoted statement that the coercion or duress must have been continuous, with no opportunity for defendant to avoid the compulsion. Although we agree that a complete instruction should probably have included the language emphasized by the state, it was unnecessary here. According to the appellant’s testimony which provided the basis for the requested instruction, the passengers returned to his car and pointed a gun at him. The passengers never left the vehicle until the car was stopped by police a short time later while fleeing north on 1-95. As such, there was no evidence in the record upon which the jury, if it believed the appellant’s testimony that the passengers threatened his life, could have found the threat to be anything but continuous with no opportunity for escape.
On retrial the testimony of Davis, a participant in the robbery, as to what another participant told him, should not be allowed because it is hearsay. In addition, although the chances are that it will not recur, the court erred in not giving the parties an opportunity to participate in discussing the action to be taken after the jury posed a ques *898 tion during deliberations. Mills v. State, 620 So.2d 1006 (Fla.1993).
Reversed and remanded for a new trial.
STEVENSON and SHAHOOD, JJ., concur.