PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court approve both new and amended' standard instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On July 1, 2011, the Committee filed a report proposing amendments to the following five existing criminal instructions: 3.6(k) — Duress or Necessity; 3.9 — Weighing the Evidence; 3.10 — Rules for Deliberation; 6.4 — Attempted Second Degree Murder; and 28.5(a) — Racing on a Highway; proposing the following four new criminal jury instructions: 8.21 — Assault or Aggravated Assault, or Battery or Aggravated Battery, by a Detainee Upon Another Detainee or Upon a Visitor; 10.15(a) — Possession of a Firearm By a Person Under 24 Found Delinquent of Offense Which Would be a Felony if Committed by an Adult; 11.17 — Unlawful Residency of a Sex Offender; and 15.4— Resisting Recovery of Merchandise; and finally, proposing amendments to the criminal instructions for special proceedings, i.e., the involuntary civil commitment of sexually violent predators. Those proposals included two revised (1.01, Preliminary Instruction; and 2.08, Verdict and Submitting Case to Jury) and two new (Qualifications Instruction; and 1.001, Introduction) proposed instructions. The Committee’s proposals derived from recommendations by Committee members based upon changes in statutory and deci-sional law, and where no instruction existed for a particular criminal offense.
Except for those noted below, the Committee’s proposals are authorized for publication and use.
Proposed jury instruction 6.4, Attempted Second Degree Murder, raises the issue whether Attempted Voluntary Manslaughter is an offense by adding that crime to the table of Lesser Included Offenses to Attempted Second Degree Murder. The issue whether attempted voluntary manslaughter is an offense is presently under consideration in In re Standard Jury Instructions in Criminal Cases — Instruction 6.4- and Instruction 6.6, No. SC12 — 162 (Fla. petition filed Mar. 19, 2012). On March 19, 2012, the Court severed proposed instruction 6.4 from the instant case for consideration with proposed instruction 6.6 in Case No. SC12-462.
Proposed jury instruction 8.21 arose because there did not exist an instruction for the offense defined under section 784.082, Florida Statutes (2011) — “Assault or battery by a person who is being detained in a prison, jail, or other detention facility upon visitor or other detainee; reclassification of offenses.” In Hopkins v. State, No. SC10-2483 (Fla. order accepting jurisdiction filed June 1, 2011), the Court is considering whether that statute applies to *869 juveniles held in juvenile facilities. For that reason, we sever proposed jury instruction 8.21 from the instant case for consideration under a new case number following the Court’s disposition in Hopkins.
Lastly, the Court rejects the Committee’s proposed new standard jury instruction 15.4, Resisting Recovery of Merchandise. The Committee sought to track the statutory language of section 812.015(6), Florida Statutes (2011), which provides as follows:
(6) An individual who, while committing or after committing theft of property, transit fare evasion, or trespass, resists the reasonable effort of a law enforcement officer, merchant, merchant’s employee, farmer, or a transit agency’s employee or agent to recover the property or cause the individual to pay the proper transit fare or vacate the transit facility which the law enforcement officer, merchant, merchant’s employee, farmer, or a transit agency’s employee or agent had probable cause to believe the individual had concealed or removed from its place of display or elsewhere or perpetrated a transit fare evasion or trespass commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, unless the individtial did not know, or did not have reason to know, that the person seeking to recover the property was a law enforcement officer, merchant, merchant’s employee, farmer, or a transit agency’s employee or agent. For purposes of this section the charge of theft and the charge of resisting may be tried concurrently.
(Emphasis added.) However, the Committee notes that neither the statute nor the case law is clear on whether knowledge or lack thereof is an element or an affirmative defense. Therefore, because the Court does not decide substantive issues in jury instruction cases, but rather allows the law to develop in actual cases and controversies, proposed instruction 15.4 is not authorized.
The new and revised instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1] New language is indicated by underlining and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on the correctness of the instructions and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions shall be effective when this opinion becomes final.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
*870 APPENDIX
3.6(k) DURESS OR NECESSITY
An issue in this case is whether (defendant) acted out of [duress] [necessity] in committing the crime of (crime charged) (lesser included offenses).
It is a defense to the (crime charged) (lesser included offenses) if the defendant acted out of [duress] [necessity]. In order to find the defendant committed the (crime charged) (lesser included offense) out of [duress] [necessity], you must find the following six elements:
1. The defendant reasonably believed [a danger] [an emergency] existed which was not intentionally caused by [himself] [herself].
2. a. The [danger] [emergency] threatened significant harm to [himself] [herself] [a third person].

Give 2b if escape charged.

b. The [danger] [emergency] threatened death or serious bodily injury.
3. The threatened harm must have been real, imminent, and impending.

Give ka if escape is not charged.

4. a. The defendant had no reasonable means to avoid the [danger] [emergency] except by committing the (crime charged) (lesser included offenses).

If escape is charged, the court must first determine whether the defendant has satisfied the conditions precedent enumerated in Muro v. State, kk5 So.2d 37k (Fla. 3d DCA 198k), and State v. Alcantaro, k07 So.2d 922 (Fla. 1st DCA 1981), and if so, give kb.

b. The defendant left [the place of [his] [her] confinement] [the vehicle in which [he] [she] was being transported] [to] [from] [his] [her] work on a public road because [he] [she] reasonably believed that escape was necessary to avoid the danger of death or serious injury, rather than with the intent to elude lawful authority.
5. The (crime charged) (lesser included offenses) must have been committed out of [duress] [necessity] to avoid the [danger] [emergency].
6. The harm that the defendant avoided must outweigh the harm caused by committing the (crime charged) (lesser included offenses).

Definitions.

“Imminent and impending” means the [danger] [emergency] is about to take place and cannot be avoided by using other means. A threat of future harm is not sufficient to prove this defense. Nor can the defendant use the defense of [duress] [necessity] if [he] [she] committed the crime after the danger from the threatened harm had passed.
The reasonableness of the defendant’s belief that [a danger] [an emergency] existed should be examined in the light of all the evidence.
In deciding whether it was necessary for the defendant to commit the (crime charged) (lesser included offenses), you must judge the defendant by the circumstances by which [he] [she] was surrounded at the time the crime was committed.
The [danger] [emergency] facing the defendant need not have been actual; however, to justify the commission of the (crime charged) (lesser included offenses), the appearance of the [danger] [emergency] must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the [danger] [emergency] could be avoided only by *871 committing the (crime charged) (lesser included offenses). Based upon appearances, the defendant must have actually believed that the [danger] [emergency] was real.
If you have a reasonable doubt find from the-evidence that as to whether the defendant committed the (crime charged) (lesser included offenses) out of [duress] [necessity], you should find the defendant not guilty.
However, if you are convinced beyond a reasonable doubt find that the defendant did not commit the (crime charged) (lesser included offenses) out of [duress] [necessity], you should find the defendant guilty if all the elements of the charge have been proved.
Comment
Duress is not a defense an-intentional homicide to premeditated murder or attempted premeditated murder. See Wright v. State, 402 So.2d 498 (Fla. 3d DCA 1981) and Cawthon v. State, 382 So.2d 796 (Fla. 1st DCA 1980). It is unclear whether duress is a defense to other forms of homicide. Review Judge Ervin’s opinion in Chestnut v. State, 505 So.2d 1352 (Fla. 1st DCA 1987), and the language in Gahley v. State, 567 So.2d 456 (Fla. 1st DCA 1990), Corujo v. State, 424 So.2d 43 (Fla. 2d DCA 1982), and Hunt v. State, 753 So.2d 609 (Fla. 5th DCA 2000),
This instruction was adopted in July 1998 and amended in 2012.
3.9 WEIGHING THE EVIDENCE
It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
2. Did the witness seem to have an accurate memory?
3. Was the witness honest and straightforward in answering the attorneys’ questions?
4. Did the witness have some interest in how the case should be decided?
5. Does the witness’s testimony agree with the other testimony and other evidence in the case?
The instructions-emered-rmder 'paragraphs numbered 6-through 10¡ inclusive, are-not-common to all-eases. — These-numbered paragraphs should-be--included only as-required by the evidence.
Give as applicable.
6. Has the witness been offered or received any money, preferred treatment, or other benefit in order to get the witness to testily?
7. Had any pressure or threat been used against the witness that affected the truth of the witness’s testimony?
8. Did the witness at some other time make a statement that is inconsistent with the testimony [he] [she] gave in court?
9. Has Was it proved that the witness been convicted of a €rime[felony] [misdemeanor involving [dishonesty] [false statement]]?
10.Does the witness have a general reputation for [dishonesty] *872 [truthfulness]? Was — it—proved that the general reputation of the witness for telling the truth and being honest was bad?
It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his] [her] testimony.
You may rely upon your own conclusion about the witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.
Comment
The court also may wish to give as part of this instruction the instructions covered under 3.9(a) and (b), concerning expert witnesses and accomplices. If so, the Committee recommends that they be given as additional numbered paragraphs, which would precede the last two unnumbered paragraphs of this instruction.
This instruction was adopted in 1981 and amended in 2012.
3.10 RULES FOR DELIBERATION
These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful verdict:
1. You must follow the law as it is set out in these instructions. If you fail to follow the law, your verdict will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.
2. This case must be decided only upon the evidence that you have heard from the testimony of the witnesses [and have seen in the form of the exhibits in evidence] and these instructions.
3. This case must not be decided for or against anyone because you feel sorry for anyone, or are angry at anyone.
4. Remember, the lawyers are not on trial. Your feelings about them should not influence your decision in this case.

When the jury is to be involved in a penalty phase, omit the second sentence of paragraph 5.

5. Your duty is to determine if the defendant has been proven guilty or not, in accord with the law. It is the judge’s job to determine a proper sentence if the defendant is found guilty.
6. Whatever verdict you render must be unanimous, that is, each juror must agree to the same verdict.

Give 7 if applicable.

It is entirely-proper for a lawyer to talk to a-w-itness about what testimony the witness — would give-if called to the-courtroom, — The witness- should-not be-discredited -by talking to a lawyer about [his] [her] testimony.

Give 7 if applicable.

7. The jury is not to discuss any question[s] that [a juror] [jurors] wrote that was [were] not asked by the court, and must not hold that against either party.
8. Your verdict should not be influenced by feelings of prejudice, bias, or sympathy. Your verdict must be based on the evidence, and on the law contained in these instructions.
*873 Comment
This instruction was adopted in 1981 and was amended in 1995 and September 2005 and 2012.
10.15(a) POSSESSION OF [A FIREARM] [AN ELECTRIC WEAPON OR DEVICE] [AMMUNITION] OR [CARRYING A CONCEALED WEAPON] BY A PERSON UNDER THE AGE OF 24 WHO HAS BEEN FOUND DELINQUENT OF AN OFFENSE WHICH WOULD BE A FELONY IF COMMITTED BY AN ADULT
§ 790.23(l)(b) or (d), Fla. Stat.
To prove the crime of (crime charged), the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) had been found by [a court of this state] [a court of another [state] [territory] [country]] to have committed a delinquent act that would be a felony if committed by an adult [and which was punishable by imprisonment for a term exceeding 1 year].

Give 2a or 2b as applicable.

2. After being found to have committed that delinquent act, (defendant)
a. [owned] [had in [his] [her] care, custody, possession, or control] [a firearm] [an electric weapon or device] [ammunition],
b. [carried a concealed weapon.]
3. (Defendant) was under 24 years of age at the time [he] [she] [[owned] [possessed] [the firearm] [the electric weapon or device] [the ammunition]] [carried the concealed weapon],

Note to Judge: “Found” refers to a finding of fact by a court of competent jurisdiction and does not require an adjudication of quilt. State v. Menuto, 912 So.2d 603 (Fla. 2d DCA 2005).

Definitions.

§ 985.03(8), Fla. Stat.

“Delinquent act” is a violation of law found by a court to have been committed by any married or unmarried child under 18 years of age.

Give as appropriate.

§ 790.001(6), Fla. Stat.

A “firearm” means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term “firearm” does not include an antique firearm unless the antique firearm is used in the commission of a crime.] [A destructive device is (insert definition in § 790.001(4), Fla. Stat.) ].

§ 790.001(19), Fla. Stat.

“Ammunition” means an object consisting of all of the following:
a. A fixed metallic or nonmetal hull or casing containing a primer.
b. One or more projectiles, one or more bullets, or shot.
c. Gunpowder.

§ 790.001 (U), Fla. Stat.

An “electric weapon or device” means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.

§ 790.001(3), Fla. Stat.

A “concealed weapon” is legally defined as any dirk, metallic knuckles, slingshot, billie, tear gas gun, chemical *874 weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.

Ensor v. State, ⅛03 So.2d 3⅛9 (Fla.1981).

The term “on or about a person” means physically on the person or readily accessible to [him] [her].
The term “ordinary sight of another person” means the casual and ordinary observation of another in the normal associations of life. Absolute invisibility is not a necessary element to a finding of concealment.

Give if appropriate.

Robinson v. State, 5⅛7 So.2d 321 (Fla. 5th DCA 1989); Cook v. Crosby, 9U So.2d m (Fla. 1st DCA 2005).

A “deadly weapon” is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object can also be a deadly weapon because of the way it is used or intended to be used or threatened to be used.

Give if 2a alleged.

“Care” and “custody” mean immediate charge and control exercised by a person over the named object. The terms care, custody, and control may be used interchangeably.

Possession.

To “possess” means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.
Possession may be actual or constructive.
Actual possession means
a. the object is in the hand of or on the person, or
b. the object is in a container in the hand of or on the person, or
c. the object is so close as to be within ready reach and is under the control of the person.

Give if applicable.

Mere proximity to an object is not sufficient to establish control over the object when the object is not in a place over which the person has control.
Constructive possession means the object is in a place over which (defendant) has control, or in which (defendant) has concealed it.
In order to establish constructive possession of an object if the object is in a place over which the defendant does not have control, the State must prove the defendant’s (1) control over the object and (2) knowledge that the object was within the defendant’s presence.
Possession may be joint, that is, two or more persons may jointly possess an object, exercising control over it. In that case, each of those persons is considered to be in possession of that object.
If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed.

A special instruction may be given if the premises are jointly occupied and the object is located in a common area, in plain view, and in the presence of the owner or occupant. See Duncan v. State, 986 SoM 653 (Fla, pth DCA 2008).

If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.
*875 [[Image here]]
Comment
This instruction was adopted in 2012,
The 3-year minimum mandatory sentence for actual possession of a firearm does not apply because this crime is not listed in § 775.087(2) Fla. Stat. Potter v. State, 997 So.2d 1215 (Fla. 1st DCA 2008).
11.17 UNLAWFUL RESIDENCY BY A SEX OFFENDER
§ 775.215(2) & (3), Fla. Stat:
To prove the crime of Unlawful Residency by a Sex Offender, the State must prove the following elements beyond a reasonable doubt:
L (Defendant) was convicted of Give a orb as applicable.
a. [Florida Statute 794.011] [Florida Statute 800.04] [Florida Statute 827.071] [Florida Statute 847.0135(5) ] [Florida Statute 847.0145]
b. a crime in another jurisdiction other than the State of Florida that is similar to Florida Statute [794.011] [800.04] [827.071] [847.0135(5) ] [847.0145]
2. The victim of that crime was less than 16 years of age when the crime was committed.
3. Give a orb as applicable.
a. The date that the crime occurred for the defendant’s conviction of Florida Statute [794.011] [800.04] [827.071] [847.0135(5) ] [847.071] was on or after October 1. 2004.
b. The date that the crime occurred for the defendant’s conviction in another jurisdiction that is similar to Florida Statute [794.011] [800.04] [827.071] [847.0135(5) ] [847.071] was on or after May 26, 2010.
4. After the conviction, (defendant) resided within 1,000 feet of a [school] [child care facility] [park] [playground].
It is not a crime for (defendant) to have lived within 1,000 feet of a [school] [child care facility] [park] [playground], if you find that (defendant) resided there *876 before the [school] [child care facility] [park] [playground] was established. (Insert appropriate burden of persuasion allocated to appropriate party).

It is undetermined whether residence before establishment is an a,ffirmative defense or whether residence after establishment is an element of the offense. If an affirmative defense, the defendant must produce evidence that he or she was living in that location prior to establishment of the school, facility, park or playground. The trial court will then have to decide which party bears the burden of persuasion and what the burden of persuasion should be (preponderance, clear and convincing, beyond a reasonable doubt). See the opinions in Dixon v. United States, 518 U.S. 1, 126 S.Ct. 2137, 165 L.EdM 299 (2006) for guidance.

Give if applicable and provide a special verdict. See Fla. Stat. 775.215(2)(b).

If you find the defendant guilty of Unlawful Residency by a Sex Offender, you must then determine in your verdict whether the State has proven beyond a reasonable doubt that the conviction for Fla. Stat. [794.011] [800.04] [827.071] [847.0135(5) ] [847.0145] was classified as a felony of the [first degree or higher] [second or third degree].

Give if applicable and provide a special verdict. See Fla. Stat. 775.215(8)(b).

If you find the defendant guilty of Unlawful Residency by a Sex Offender, you must then determine in your verdict whether the State has proven beyond a reasonable doubt that the conviction in the other jurisdiction for the crime that was similar to Fla. Stat. [794.011] [800.04] [827.071] [847.0135(5) ] [847.0145] resulted in a penalty that is substantially similar to a felony of the [first degree or higher] [second or third degree].

Definitions.

§ 102.302 Fla. Stat.

“Child care facility” means any child care center or arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee or grant for any child receiving care, regardless of whether the center or arrangement is operated for a profit, not including public or private schools, summer day camps, summer camps having children in full-time residence, Bible schools normally conducted during vacation periods, and operators of transient establishments.

§ 775.082; § 775.083 Fla. Stat.

“Life felony” is a crime which may be punished by a term of imprisonment for life or by imprisonment for a term of years not exceeding life imprisonment and a fine not exceeding $15,000.00.
“Felony of the first degree” is a crime which may be punished by a term of imprisonment not exceeding 30 years or, when specifically provided by statute, by imprisonment of a term of years not exceeding life imprisonment and a fine not exceeding $10,000.
“Felony of the second degree” is a crime which may be punished by a term of imprisonment not exceeding 15 years and a fine not exceeding $10,000.
“Felony of the third degree is a crime which may be punished by a term of imprisonment not exceeding 5 years and a fine not exceeding $5,000.”

§ 913.0135 Fla. Stat.

“Convicted” means there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication was withheld.
*877 “Park” means all public and private property specifically designated as being used for recreational purposes and where children regularly congregate.
“Playground” means a designated independent area in the community or neighborhood that is designated solely for children and has one or more play structures.

§ 1003.01 Fla. Stat.

“School” means an organization of students, ranging from elementary through secondary or high school, for instructional purposes, or other public school level authorized under the rules of the State Board of Education. [A “school” includes a private school that is a nonpublic school as defined in s. 1002.01(2).] [“School” includes [a voluntary prekindergarten education program as described in s. 402.3025(1) ] [a public school as described in s. 403.3025(1) ] [the Florida School for the Deaf and Blind] [the Florida Virtual School as established under s. 1002.37] [K-8 Virtual School as established under s. 1002.415].] [“School” does not include facilities used exclusively for the education of adults.]
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment

§ 79U-011 Fla. Stat. is Sexual Battery.

§ 800.0⅛ Fla. Stat. is Lewd or Lascivious Conduct.

§ 827.071 Fla. Stat. is Sexual Performance by a Child.

§ 8^7.0135(5) Fla. Stat. is Lewd or Lascivious Exhibition Using a Computer.

§ 8⅛7.01⅛5 Fla. Stat. is Selling or Buying a Minor for Sexual Depiction.

This instruction was adopted in 2012.

28.5(a) RACING ON A HIGHWAY
§ 316.191, Fla. Stat.
To prove the crime of Racing on a Highway, the State must prove the following element beyond a reasonable doubt:

Give a, b, c, or d as applicable.

(Defendant)
a. drove a motor vehicle in
b. [participated] [coordinated] [facilitated] [collected monies] at the location of
c. knowingly rode as a passenger in
d. purposefully caused moving traffic to slow or stop for
[a race] [a drag race or acceleration contest] [a speed competition or contest] [a test of physical endurance] [an exhibition of speed] [an attempt to make a speed record] on a [highway] [road] [parking lot].

Definitions.

Drag race means the operation of two or more motor vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, or the operation of one or more motor vehicles to the same point, for the purpose of comparing the relative speeds or power of acceleration of such motor vehicle or motor vehicles within a certain distance or time limit.
Motor vehicle means any self-propelled vehicle not operated upon rails or guideway, including a motorcycle but not including any bicycle, motorized scooter, electric personal assistive mobility device, or moped.
Race means a competition involving the use of one or more motor vehicles in *878 competition, arising from a challenge to demonstrate superiority of a motor vehicle or driver and the acceptance or competitive response to that challenge, either through a prior arrangement or in immediate response, in which the competitor attempts in an attempt to out-gain or outdistance another motor vehicle, to prevent another motor vehicle from passing, to arrive at a given destination ahead of another motor vehicle or motor vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes. A race may be prearranged or may occur through a competitive response to conduct on the part of one or more drivers which, under the totality of circumstances, can reasonably be interpreted as a challenge to race.
Roadway means that portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways, the term roadway as used herein refers to any such roadway separately, but not to all such roadways collectively.
Street or highway means
(a) The entire width between the boundary lines of every way or place of whatever nature when any part thereof is open to the use of the public for purposes of vehicular traffic;
(b) The entire width between the boundary lines of any privately owned way or place used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons, or any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place;
(c) Any area, such as a runway, taxiway, ramp, clear zone, or parking lot, within the boundary of any airport owned by the state, a county, a municipality, or a political subdivision, which area is used for vehicular traffic but which is not open for vehicular operation by the general public; or
(d) Any way or place used for vehicular traffic on a controlled access basis within a mobile home park recreation district which has been created under s. 418.30 and the recreational facilities of which district are open to the general public.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2009 and amended in 2012,
INVOLUNTARY CIVIL COMMITMENT OF SEXUALLY VIOLENT PREDATORS
§§ 394.910-394.930, Fla. Stat.
QUALIFICATIONS INSTRUCTION
Many of you have cell phones, computers, and other electronic devices. Even though you have not yet been selected as a juror, there are some strict rules that you must follow about using your cell phones, electronic devices and computers. You must not use any device to search the Internet or to find out anything related to any cases in the courthouse.
Between now and when you have been discharged from jury duty by the judge, you must not provide or receive any information about your jury service to *879 anyone, including friends, co-workers, and family members. You may tell those who need to know where you are that you have been called for jury duty. If you are picked for a jury, you may tell people that you have been picked for a jury and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone or computer communications.
In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages, including e-mail and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.
After you are called to the courtroom, the judge will give you specific instructions about these matters. A judge will tell you when you are released from this instruction. All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution of every case.
NOTE ON USE
This instruction should be given in addition to and at the conclusion of the instructions normally given to the prospective jurors. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops. This instruction was adopted in 2012,
1.001 INTRODUCTION

To be given when jurors are in courtroom, prior to voir dire.

In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.
I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.
You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.
All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the *880 judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.
Comment

The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.

This instruction was adopted in 2012.
1.01
PRELIMINARY INSTRUCTION

Responsibility of jury and judge.

You have now been sworn as the jury to try this case. This is a civil case filed by the petitioner, the State of Florida, against the respondent (respondent’s name). The State alleges the respondent is a sexually violent predator and should be confined in a secure facility for long-term control, care, and treatment. By your verdict, you will decide the disputed issues of fact. I will decide the questions of law that arise during the trial, and before you retire to deliberate at the close of the trial, I will instruct you on the law that you are to follow and apply in reaching your verdict. In other words, it is your responsibility to determine the facts and to apply the law to those facts. Thus, the function of the jury and the function of the judge are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice.

Steps in trial.

Before proceeding further, it will be helpful for you to understand how a trial is conducted. In a few moments, the attorneys for the parties will have an opportunity to make opening statements, in which they may explain to you the issues in the case and summarize the facts that they expect the evidence will show. Following the opening statements, witnesses will be called to testify under oath. They will be examined and cross-examined by the attorneys. Documents and other exhibits also may be received as evidence.
After all the evidence has been received, the attorneys will again have an opportunity to address you to make their final arguments. The statements that the attorneys now make and the arguments that they later make are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you properly understand the issues, the evidence, and the applicable law, so you should give them your close attention.
Following the final arguments by the attorneys, I will instruct you on the law.

Things to be avoided.

You should give careful attention to the testimony and other evidence as it is *881 received and presented for your consideration, but you should not form or express any opinion about the case until you have received all the evidence, the arguments of the attorneys, and the instructions on the law from me. In other words, you should not form or express any opinion about the case until you are retired to the jury room to consider your verdict, after having heard all of these matters.
You must decide this case only on the evidence presented during the trial in your presence, and in the presence of the respondent, the attorneys, and myself. You must not conduct any investigation of your own. This includes reading newspapers, watching television, listening to the radio, or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. Accordingly, you must not visit any of the places described in the evidence, or the scene of the occurrence that is the subject of the trial, or use the Internet to look at maps or pictures to see any place discussed during the trial, unless I direct you to view the scene.
Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.

Objections.

The attorneys are trained in the rules of evidence and trial procedure, and it is their duty to make all objections they feel are proper. When a lawyer makes an objection, the objection will either be overruled or sustained. If an objection is overruled, the witness will answer the question. If an objection is sustained or upheld, the witness cannot answer the question. If an objection is sustained, you must not speculate on what might have happened, or what the witness might have said, had the witness been permitted to answer the question. You should not draw any inference from the question itself.

The judge’s conferences with attorneys.

During the trial, it may be necessary to confer with the attorneys out of your hearing to discuss matters of law and other matters that require consideration by me alone. It is impossible to predict when such a conference may be required or how long it will last. When such conferences occur, they will be conducted so as to consume as little of your time as is necessary for a fair and orderly trial of the case.

Recesses.

During the trial we will take recesses. During these recesses you shall not discuss the case among yourselves or with anyone else, nor permit anyone to say anything to you or in your presence about the case. Further, you must not talk with the attorneys, the witnesses, or any of the parties about anything, until your deliberations are finished. In *882 this way, any appearance of something improper can be avoided.
If during a recess you see one of the attorneys and he or she does not speak to you, or even seem to pay attention to you, please understand that the attorney is not being discourteous but is only avoiding the appearance of some improper contact with you. If anyone tries to say something to you or in your presence about this case, tell that person that you are on the jury trying this case, and ask that person to stop. If he or she keeps on, leave at once and immediately report this to the bailiff or court deputy, who will advise me.
At this time, the attorneys for the parties will have an opportunity to make their opening statements, in which they may explain to you the issues in the case and give you a summary of the facts they expect the evidence will show.
Comment
This instruction is based upon Florida Standard Jury Instruction (Civil) 1.1 and Kansas jury instructions regarding the civil commitment of sexually violent predators.
The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specified means of communication or research as technology develops.
This instruction was adopted in 2000 and amended in 2012.
2.08 VERDICT AND SUBMITTING CASE TO JURY
In just a few moments you will be taken to the jury room by the bailiff. The first thing you should do is elect a foreperson. The foreperson presides over your deliberations, like the chair person of a meeting. It is the foreperson’s job to sign and date the verdict form when all of you have agreed on a verdict in this case. The foreperson will bring the verdict back to the courtroom when you return.
During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.
Before the respondent may be confined to a secure facility as a sexually violent predator, your verdict must be unanimous; that is, all of you must agree to the same verdict. The verdict must be the verdict of each juror as well as the jury as a whole.
If the verdict is not unanimous but a majority of the jury determines that the respondent is a sexually violent predator, the case may be retried before another jury.
If three or more jurors determine that the respondent is not proven to be a sexually violent predator [he] [she] will not be confined to a secure facility as a sexually violent predator and the case will not be retried before another jury.
The verdict must be in writing and for your convenience the necessary verdict *883 form has been prepared for you. (Read and explain verdict form.)
In closing, let me remind you that it is important that you follow the law spelled out in these instructions in deciding your verdict. There are no other laws that apply to this case. Even if you do not like the laws that must be applied, you must use them. For two centuries we have lived by the constitution and the law. No juror has the right to violate rules we all share.
Comment
Based upon § 394.917, Fla. Stat.; Florida Standard Jury Instruction (Criminal) 2.09, Submitting Case to Jury. This instruction was adopted in 2000 and amended in 2012.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.